# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TURI L. REDDICK, | Civil Action No. 22-4515 (SDW) |
| Petitioner, | |
| v. | OPINION |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondent. | |

**IT APPEARING THAT:**

1. *Pro se* Petitioner Turi L. Reddick filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1).

2. Respondent the Attorney General of the State of New Jersey moves to dismiss the Petition as an unauthorized second or successive § 2254 petition. ("Motion") (ECF No. 8).

3. Petitioner was convicted of first-degree reckless manslaughter, N.J.S.A. 2C:11-4(b); second-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree possession of a shotgun for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a shotgun without a permit, N.J.S.A. 2C:58-3, N.J.S.A. 2C:39-5(c)(1) (count five). (ECF No. 8-4 at 1).

4. The New Jersey Superior Court Appellate Division ("Appellate Division") affirmed Petitioner's convictions but remanded for resentencing. *State v. Reddick*, No. A-4073-03T4, 2006 WL 3092644 (N.J. Super. Ct. App. Div. Nov. 2, 2006) ("*Reddick I*"). He was resentenced on December 14, 2006. (ECF No. 8-6). The New Jersey Supreme Court denied certification on May 16, 2007. *State v. Reddick*, 191 N.J. 317 (2007) (Table).

5. Petitioner filed a petition for post-conviction relief ("PCR") in state court on June 20, 2007. (ECF No. 8-7). The PCR court denied the PCR petition without a hearing on April 14, 2010. (*Id.* at 33). An amended order was issued on May 19, 2010. (*Id.* at 34).

6. The Appellate Division affirmed the PCR court's decision. *State v. Reddick*, No. A-4566-09T1, 2012 WL 952301 (N.J. Super. Ct. App. Div. Mar. 22, 2012) ("*Reddick II*"). The New Jersey Supreme Court denied certification on October 12, 2012. *State v. Reddick*, 212 N.J. 288 (2012) (Table).

7. Petitioner filed a § 2254 on December 26, 2012 ("First 2254 Petition"). *Reddick v. Warren*, No. 12-cv-7875 (D.N.J. filed Dec. 26, 2012). He argued that certain state witness testimony violated the Confrontation Clause, the trial court erred by failing to charge the jury as to renunciation and causation, the trial court erred in denying the motion for a new trial based on a lack of evidence corroborating his statement, the trial court erred by failing to charge the jury as to attempt, his sentence was excessive, the prosecutor engaged in misconduct, trial counsel was ineffective, and the cumulative effect of the errors below violated his due process and fair trial rights. (ECF No. 8-9 at 19-43).

8. This Court denied the First 2254 Petition on January 4, 2016. (*Id.* at 44). The United States Court of Appeals for the Third Circuit denied a certificate of appealability on May 25, 2016. (ECF No. 8-10). Petitioner's request for a rehearing was denied. (ECF No. 8-11).

9. On May 7, 2018, Petitioner filed a motion for a new trial based on newly discovered evidence. (ECF No. 8-12). He argued that he had not known that his co-defendant had a history of being a police informant at trial. (*Id.* at 7). The trial court denied his motion on March 26, 2019, (ECF No. 8-12), and the Appellate Division affirmed, *State v. Reddick*, No. A-3843-18, 2021

WL 1541508 (N.J. Super. Ct. App. Div. Apr. 20, 2021) ("*Reddick III*"). The New Jersey Supreme Court denied certification on April 8, 2022. *State v. Reddick*, 250 N.J. 386 (2022) (Table).

10. Petitioner filed his current Petition on July 11, 2022. (ECF No. 1). On July 14, 2022, this Court administratively terminated the Petition as Petitioner had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 2). Petitioner filed the filing fee nearly three years later on March 4, 2025. This Court reopened the proceedings and directed Respondent to answer the Petition. (ECF No. 3).

11. Respondent asserts in the Motion that this Court lacks jurisdiction over the Petition because it is an unauthorized second or successive § 2254 petition. (ECF No 8).

12. The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts this Court's jurisdiction over a second or successive § 2254 petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9.

13. Absent this authorization, this Court lacks jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.")

14.     Petitioner has already challenged his 2003 conviction pursuant to § 2254, and there is no evidence that the Third Circuit has given Petitioner permission to file the Petition.  Therefore, this is an unauthorized second or successive § 2254 petition.

15.     "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).  Petitioner asks this Court to transfer the Petition to the Third Circuit pursuant to § 1631.  (ECF No. 12 at 4).

16.     "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(i)-(ii).

17.     Here, the trial court concluded that Petitioner had been aware that his co-defendant had previously been an informant.  (ECF No. 8-15 at 18 ("[] Mr. Reddick knew that.  Mr. Reddick's known that for years."))  Therefore, the evidence is not newly discovered, and this Court finds that it is not in the interests of justice to transfer the Petition to the Third Circuit for consideration as it does not appear that Petitioner can meet § 2244's requirements for filing a second or successive petition.

18.      Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court"

unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

19. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for lack of jurisdiction is correct.

20. An appropriate order follows.

    Hon. Susan D. Wigenton,
    United States District Judge
    Dated: October 27, 2025